IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HADDRICK BYRD, | CIVIL NO. 1:09-CV-1551 |
| Plaintiff | |
| | (Judge Rambo) |
| v. | (Magistrate Judge Smyser) |
| ROBERT SHANNON, Superintendent, SCI-Frackville; V. STANISHEFSKI, Corrections Health Care Administrator, SCI-Frackville; JACK ROBINSON, Supervising Nurse, SCI-Frackville; H. SPENCER, Nurse, SCI-Frackville; and DORINA VARNER, Chief Grievance Officer, Camp Hill, PA, | |
| Defendants | |

**M E M O R A N D U M**

I.    **Procedural Background**

Before the court is a November 24, 2010, report and recommendation of United States Magistrate Judge J. Andrew Smyser. On December 29, 2010, this court issued an order deferring ruling on the report and recommendation to permit Plaintiff additional time to file objections to the report and recommendation. Plaintiff has now filed objections and Defendants have replied to those objections.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights and were negligent under state law. These claims are based on his allegations that Defendants delayed in providing him with prescription eye drops needed for treatment of his glaucoma.

By order dated February 22, 2010, Defendants' motion to dismiss was denied in part and granted in part. Only Plaintiff's 42 U.S.C. § 1983 claims against Defendants Shannon and Varner were dismissed. Accordingly, the remaining claims

are Plaintiff's 42 U.S.C. § 1983 claims against Defendants Stanishefski, Robinson, and Spencer, and Plaintiff's state law negligence claim against all Defendants.

On March 12, 2010, Defendants filed an answer to the complaint and on September 17, 2010, they filed a motion for summary judgment, a brief and appendix in support thereof, and a statement of facts not in dispute pursuant to Middle District Local Rule 56.1. Plaintiff filed a brief in opposition to Defendants' motion on September 29, 2010 along with a statement of disputed factual issues and his personal declaration.

**II.** **Discussion**

The magistrate judge recommended that Defendant Spencer be granted summary judgment on Plaintiff's Eighth Amendment claim for failure to properly exhaust administrative remedies because she was not named in Plaintiff's inmate grievance and, therefore, was procedurally defaulted. The magistrate judge supports his findings on the basis of the holding in *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). That case held that 42 U.S.C. § 1997e(a) requires proper exhaustion. *Id*. at 222. In order to determine compliance, one must look to the administrative regulations governing inmate grievances.

Plaintiff argues that *Spruill* was overruled in *Jones v. Bock*, 549 U.S. 199 (2007). Plaintiff misinterprets *Jones*. The issue in that case was whether the Michigan Department of Corrections' grievance policy required identity of individuals with knowledge of events. It did not. The Pennsylvania DC-ADM 804, Part IV.A.7 provides that "[t]he inmate will include a statement of the facts relevant to the claim . . . .The inmate will identify any person(s) who may have information that could be helpful in resolving the grievance." By failing to identify Defendant

Spencer in his grievance, Plaintiff is in procedural default and Spencer is entitled to summary judgment in her favor.

Plaintiff persists in his objections to the report and recommendation that persistent delays and interruptions in receiving his prescriptions for eye drops have violated his rights under the Eighth Amendment. The issue presented in this claim is whether Defendants Stanishefski and Robinson were deliberately indifferent to a serious medical need. The court will assume for purposes of this case that glaucoma is a serious medical condition. The issue next presented is whether Defendants' delays in providing eye drop medication amounted to a deliberate indifference to his medical condition.

There is no dispute that there have been lapses in supplying Plaintiff his eye drops. Plaintiff, however, has not presented any facts that show that these lapses were as a result of deliberate indifference on the part of Defendants. The longest delay occurred in August and September of 2008. The prescription for Plaintiff's eye drops expired on July 31, 2008. Medications were resumed on September 23, 2008. (Doc. 64 at ¶¶ 17, 18, 19.) Plaintiff did not notify Defendant Stanishefski about the matter until September 16, 2008. (Doc. 68-2 at 50.) The prescription was renewed on September 22, 2008 and Plaintiff was given the medications on September 23, 2008.

It appears that lapses in providing the eye drops were caused by multiple reasons. Plaintiff's failure to advise that his prescriptions had expired was one cause. Plaintiff is under a self-medication program and is responsible to have his prescriptions renewed. (Doc. 65-5 at ¶ 8.) Another cause for delay was Plaintiff's failure to access sick call to notify the appropriate personnel that his prescription expired. (*Id.*) Some delays were caused by the pharmacy which provided the medication. (*Id*. at ¶¶ 4, 9.)

Plaintiff's medical records show that he was supplied with eye drops on the following dates in 2008: January 4 and 9; February 6 and 8; March 3; April 3; May 1 and 29; June 25; July 24; September 23; November 5 and 9; December 2 and 31. (Doc. 65-4, Ex. A.) Plaintiff was seen by an optometrist on the following dates: March 21, 2007, June 13, 2007; September 5, 2007; December 26, 2007; March 19, 2008; April 16, 2008; July 9, 2008; October 1, 2008; October 29, 2008; November 19, 2008; December 8, 2008; April 23, 2009; July 1, 2009; September 2, 2009; December 23, 2009. (*Id.* at Ex. B.)

**III.**      **Conclusion**

As illustrated above, at no time did Defendants deliberately withhold eye drops from Plaintiff. Therefore, Defendants are entitled to summary judgment in their favor. An appropriate order will be issued.

                              s/Sylvia H. Rambo
                              United States District Judge

Dated: February 28, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HADDRICK BYRD,                          :   CIVIL NO. 1:09-CV-1551
                                        :
          Plaintiff                     :
                                        :
          v.                            :   (Judge Rambo)
                                        :
ROBERT SHANNON, Superintendent,         :   (Magistrate Judge Smyser)
SCI-Frackville; V. STANISHEFSKI,        :
Corrections Health Care Administrator,  :
SCI-Frackville; JACK ROBINSON,          :
Supervising Nurse, SCI-Frackville;      :
H. SPENCER, Nurse, SCI-Frackville;      :
and DORINA VARNER, Chief                :
Grievance Officer, Camp Hill, PA,       :
                                        :
          Defendants                    :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY
ORDERED THAT**:

    1) The court adopts the report and recommendation of Magistrate Judge
Smyser.

    2) Defendants' motion for summary judgment is granted.

    3) The Clerk of Court shall enter judgment as to Plaintiff's Eighth
Amendment claims in favor of Defendants Spencer, Stanishefski and Robinson and
against Plaintiff Haddrick Byrd.

    4) This court declines to exercise supplemental jurisdiction over
Plaintiff's state law negligence claims and those claims are dismissed.

    5) The Clerk of Court shall close the file.


                                       s/Sylvia H. Rambo         
                                       United States District Judge

Dated: February 28, 2011.